IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ELDEAN TACUBAN, | ) | CIVIL NO. 06-00267 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAI`I, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME
TO SUBMIT WRITTEN REPORT OF LAWRENCE J. ERON, M.D.**

On March 20, 2007, Plaintiff Eldean K. Tacuban's ("Plaintiff") filed his Motion to Extend Time to Submit Written Report of Lawrence J. Eron, M.D. ("Motion"). Defendants the State of Hawai`i and Kenneth Zienkiewicz, M.D. ("Defendants") filed their memorandum in opposition to the Motion on March 28, 2007. This matter came on for hearing on April 2, 2007. Appearing on behalf of Plaintiff was Eric Seitz, Esq., and appearing on behalf of Defendants was Kendall Moser, Esq. On April 4, 2007, this Court issued an order granting the Motion. On April 13, 2007, Defendants filed an appeal to the district judge ("Appeal"). Plaintiff filed his opposition to the Appeal ("Opposition") on April 19, 2007. That same day, the district judge issued an order remanding the matter back to this Court. After careful consideration of the Motion, supporting and opposing documents, and the relevant case law, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff entered the Oahu Community Correctional Center ("OCCC") as an inmate on September 14, 2004. At that time, he informed the medical staff that he was diabetic. On September 16, 2004, he complained to an OCCC nurse of groin pain. [Order Granting Defs.' Mot. for Summ. J. ("Order") at 5.] The nurse examined him and noticed that the right side of Plaintiff's scrotum was discolored and had a "hard lump." [Id.] The nurse scheduled Plaintiff for a clinical evaluation and Dr. Zienkiewicz saw him later that same day. Dr. Zienkiewicz diagnosed Plaintiff with scrotal cellulitis and prescribed a pain-killer three times a day for ten days and an intravenous antibiotic every twelve hours for five days. Dr. Zienkiewicz instructed Plaintiff to return for a follow-up examination on Monday, September 20, 2004, but he instructed the nursing staff to call him over the weekend if Plaintiff's condition worsened. Between September 16 and 20, Plaintiff remained at the housing unit, but would come into the infirmary for his treatments. At the September 20 appointment, Plaintiff reported that his infection had gotten worse and Dr. Zienkiewicz agreed. Dr. Zienkiewicz immediately referred Plaintiff to a physician at Queen's Medical Center ("Queen's"). [Id. at 6-7.]

On September 21, 2004, Plaintiff saw Dr. Garry B. Peers at Queen's. Dr. Peers diagnosed Plaintiff with "Right Fournier's

gangrene of the scrotum". [Id. at 7.] Plaintiff "underwent an immediate hemiscrotectomy followed by a wound VAC wound care . . . . [and] a delayed primary closure." [Id. at 8.] Queen's discharged Plaintiff on October 5, 2004.

Plaintiff filed the instant Complaint in state court on April 5, 2006. The Complaint raises the following claims: Dr. Zienkiewicz, in his individual capacity, violated Plaintiff's Eighth and Fourteenth Amendment rights (Count 1); the State and Dr. Zienkiewicz, in his official and individual capacities, negligently treated Plaintiff (Count 2); and the State and Dr. Zienkiewicz, in his official and individual capacities, "maliciously, intentionally, and/or recklessly refused to adequately, promptly, and/or reasonably treat" Plaintiff (Count 3). [Compl. at ¶¶ 19, 22, 23 & 25.] Plaintiff seeks general, special, and punitive damages, as well as attorneys' fees and costs. On May 16, 2006, Defendants removed the action based on federal question jurisdiction.

Defendants filed their motion for summary judgment on February 2, 2007. Defendants argued that Dr. Zienkiewicz was not deliberately indifferent to Plaintiff's medical needs and that he has qualified immunity from Plaintiff's federal claims. Defendants further argued that they were entitled to summary judgment on Plaintiff's state law claims because he failed to present the required expert medical testimony on the issues of

causation and permanency. The district court granted summary judgment to Dr. Zienkiewicz on Plaintiff's federal claims, finding that Plaintiff failed to present any evidence that Dr. Zienkiewicz violated his Eighth Amendment and Fourteenth Amendment rights. The district court also granted summary judgment on Plaintiff's state law claims, based on his failure to submit expert evidence regarding the applicable standard of care. [Order at 3.] The district court, however, stated that it would delay the entry of judgment so that Plaintiff could file a motion for leave to extend the deadline to file his expert's written report. The district judge directed Plaintiff to "explain not only his failure to provide a report by the January 3, 2007 deadline, but also his failure to seek an extension to date." [Id. at 23.]

     This Court's August 15, 2006 Rule 16 Scheduling Order set Plaintiff's expert disclosure deadline at December 11, 2006. In the instant Motion, Plaintiff states that parties had difficulties scheduling Dr. Zienkiewicz's deposition. [Aff. of Eric A. Seitz in Supp. of Mot. ("Seitz Aff.") at ¶¶ 3, 5-8, 10-11.] The parties stipulated to extend the deadline for Plaintiff's expert disclosures until January 3, 2007. Dr. Zienkiewicz's deposition finally went forward on December 26, 2006. He testified that he "strongly believed" that there were other notes by the OCCC nurses which showed that the medical

staff was monitoring Plaintiff's infection each time he came in for his intravenous antibiotics between September 16 and 20, 2004.  These may not have been disclosed to Plaintiff's counsel. [Id. at ¶ 12.]  Dr. Zienkiewicz also believed that there were "call logs" that would show whether the nurses contacted him or another on-call doctor to discuss Plaintiff's condition during that period.  [Id. at ¶ 13.]  At the deposition, Dr. Zienkiewicz stated that his attorney would produce these records to Plaintiff.  [Id. at ¶ 14.]

On January 3, 2007, pursuant to the parties' stipulation, Plaintiff identified Dr. Eron as his medical expert, but did not submit an expert report because Plaintiff had not received the additional documents Dr. Zienkiewicz referenced in his deposition.  [Id. at ¶ 16.]  According to Plaintiff, Dr. Eron will testify that "given a patient with [Plaintiff's] history of diabetes, when antibiotics are needed to treat an infection, the patient must be carefully monitored by the attending physician and that the two examinations over a period of 5 days would not meet the standard of care in the community."  [Id. at ¶ 15.]

On January 8, 2007, Defendants' counsel informed Plaintiff's counsel that all September 2004 call logs had been destroyed and that they could not locate any other clinical records which had not already been produced.  [Id. at ¶ 17.]  At the January 30, 2007 settlement conference, Defendants indicated

for the first time that they were no longer interested in discussing a settlement.  [Id. at ¶ 20.]  Defendants' motion for summary judgment followed.  Plaintiff states that, immediately after the district court ruled on the motion for summary judgment, Plaintiff's counsel contacted Dr. Eron who rendered his opinions based on Plaintiff's treatment records.  [Id. at ¶ 23.]  Plaintiff attached a declaration from Mr. Eron in lieu of a written report.[1]  [Ex. A to Mot.]  Plaintiff argues that Defendants would not be prejudiced if this Court grants the Motion because the discovery deadline is not until April 13, 2007 and the parties can extend it further if Defendants need more time.  [Seitz Aff. at ¶ 25.]

In their memorandum in opposition, Defendants state that Plaintiff's counsel informed Defendants' counsel during a January 8, 2007 telephone call that Dr. Eron would not produce a report because: "That will cost money."  [Mem. in Opp'n, Decl. of Kendall J. Moser at ¶ 16.]  Defendants argue that Plaintiff's

---

[1] Dr. Eron states that he reviewed OCCC's medical records regarding Plaintiff's treatment from September 14 to 21, 2004. [Ex. A to Mot. at ¶ 4.]  He opines that: "Given the seriousness of [Plaintiff's] infection, and his history of diabetes, [Plaintiff's] infection needed to be medically monitored in a setting where any progression of the infection could be effectively identified and treated immediately."  [Id. at ¶ 7.] In Dr. Eron's opinion "the scheduling of a follow-up medical evaluation four days later without regular monitoring does not meet the standard of medical care in the community and may constitute serious neglect of the patient which put him at risk of greater harm."  [Id. at ¶ 9.]

position in the instant Motion is inconsistent with counsel's statement on January 8.  Defendants assert that there is no reason that Dr. Eron could not have issued a report by January 3, 2007.  Further, there is no reason why Plaintiff could not have sought another extension of the expert disclosure deadline.  Defendants therefore argue that Plaintiff has not established good cause to amend the scheduling order.

In their Appeal, Defendants argue that Plaintiff cannot blame his failure to timely provide Dr. Eron's expert report on alleged difficulties in scheduling Dr. Zienkiewicz's deposition.  They emphasize that, at Plaintiff's request, they agreed to stipulate to the extension of the expert disclosure deadline from December 11, 2006 to January 3, 2007.  This gave Plaintiff sufficient time to incorporate information from the deposition into Dr. Eron's report.  Defendants also note that Plaintiff never provided an explanation for his failure to seek an extension of the expert disclosure deadline prior to the district court's ruling on Defendant's motion for summary judgment.  [Mem. in Supp. of Appeal at 3.]

In his Opposition to the Appeal, Plaintiff reiterates the circumstances surrounding his failure to produce Dr. Eron's expert report by January 3, 2007 and argues that there was good cause for his failure to submit a timely report.  [Opp'n at 3-4.] With regard to his failure to seek an extension of the expert

7

disclosure deadline, Plaintiff argues that this Court should enlarge the expert disclosure period pursuant to Federal Rule of Civil Procedure 6(b) because his failure to move for an extension was the result of excusable neglect.  Plaintiff states that, once counsel learned on January 8, 2007 that there were no further records or notes, counsel decided to wait until after the previously scheduled January 30, 2007 settlement conference before seeking a modification of the scheduling order. Plaintiff's counsel did so based on an earlier representation by Defendants' counsel that Defendants might be more amenable to settlement after Dr. Zienkiewicz's deposition.  At the conference, however, Defendants' counsel indicated for the first time that Defendants no longer wished to discuss a settlement. [Id. at 4-6.]

Mr. Seitz, Plaintiff's primary counsel, was out of the state from January 30 to February 20, 2007 for a trial in Washington and a military case in England.  By the time he returned to Hawai`i, Defendants had filed their motion for summary judgment and it had been set for hearing on March 19, 2007.  Plaintiff's memorandum in opposition was due on March 1, 2007 and Mr. Seitz was also preparing for a trial that was scheduled to begin on February 26, 2007 in state court. Plaintiff's counsel therefore chose to concentrate on preparing the memorandum in opposition to Defendants' motion for summary

8

judgment rather than a motion for an extension to the expert disclosure deadline.  Once the district court issued its ruling on the motion for summary judgment, Plaintiff's counsel immediately filed the instant Motion.  [Id. at 6-7.]  Plaintiff's counsel also notes that Defendants do not allege that they would be prejudiced by the delay caused by extending the expert disclosure deadline and that this Court recently rescheduled the trial to September 18, 2007.  Plaintiff therefore argues that there is good cause to amend the scheduling order.  [Id. at 7-8.]

## DISCUSSION

Insofar as Plaintiff failed to submit Dr. Eron's report in a timely manner, Plaintiff must obtain an amendment of the scheduling order.  A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge."  Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of

prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

### I.    **Failure to File Dr. Eron's Report by January 3, 2007**

As already discussed, Plaintiff identified Dr. Eron as his medical expert by the January 3, 2007, deadline, but did not submit an expert report because Plaintiff had not received the additional records referenced by Dr. Zienkiewicz at his deposition.  [Seitz Aff. at ¶ 16.]  Due to these circumstances, Plaintiff argues that there was good cause for his failure to timely submit Dr. Eron's report.  The Court agrees.

### II.   **Failure to Request Extension of Expert Disclosure Deadline**

Although Plaintiff did not file his Motion until March 20, 2007, the Court recognizes that this oversight amounts to excusable neglect.  Plaintiff articulated numerous reasons for his delay in requesting an extension of the expert disclosure deadline.  Around the time that Plaintiff should have sought the extension, Mr. Seitz decided to wait to seek a modification of the scheduling order based on the prospect of settlement. Mr. Seitz was thereafter out of state from January 30 to February 20, 2007, for a trial and military case.  Upon his return, Mr. Seitz had to draft the memorandum in opposition (due on March 1, 2007) to Defendants' motion for summary judgment, all while preparing for a state court trial set to commence on

February 26, 2007. The Court takes into account that Mr. Seitz's law office is comprised of only two attorneys to handle the various trials and case preparation. When taken together, these circumstances do not indicate a lack of diligence on Plaintiff's part. He thus satisfies the good cause requirement set forth in Rule 16(b). Moreover, Defendants will not suffer prejudice if the deadline to submit Dr. Eron's report is extended, as this Court rescheduled the trial to September 18, 2007.

Accordingly, this Court finds that there exists good cause to amend the current scheduling order to allow Plaintiff to submit Dr. Eron's expert report. This Court therefore GRANTS Plaintiff's Motion and extends Plaintiff's expert disclosure deadline as to Dr. Eron only.

Plaintiff shall provide a written expert report by Dr. Eron consistent with the requirements of Fed. R. Civ. P. 26 by **June 16, 2007.** Plaintiff shall also make Dr. Eron available for deposition within fifteen days after the disclosure his report, or on a date and at a time mutually agreed upon by the parties. Further, Plaintiff shall pay for the cost of the original deposition transcript and court reporter fees for Dr. Eron's deposition, and shall provide a copy of the transcript to Defendant. Defendant shall have until **July 15, 2007** to disclose any expert to rebut Dr. Eron's opinions.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Extend Time to Submit Written Report of Lawrence J. Eron, M.D., filed March 20, 2007, is HEREBY GRANTED.  Plaintiff shall produce Dr. Eron's expert report by no later than **June 15, 2007,** and Defendants shall disclose any experts to rebut Dr. Eron's opinions by no later than **July 15, 2007**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 1, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ELDEAN TACUBAN V. STATE OF HAWAI`I, ET AL.; CV. NO. 06-00267 SOM-LEK; ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SUBMIT WRITTEN REPORT OF LAWRENCE J. ERON, M.D.**