IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELDEAN K. TACUBAN, )<br>                             )<br>         Plaintiff,   )<br>                             )<br>    vs.               )<br>                             )<br>STATE OF HAWAII; KENNETH   )<br>ZIENKIEWICZ, M.D.; and JOHN )<br>AND/OR JANE DOES 1-10,     )<br>                             )<br>        Defendants.  )<br>_____ ) | Civ. No. 06-00267 SOM/LEK<br><br>ORDER AFFIRMING MAGISTRATE<br>JUDGE'S MAY 1, 2007, ORDER<br>GRANTING PLAINTIFF'S MOTION TO<br>EXTEND TIME TO SUBMIT WRITTEN<br>EXPERT REPORT |

ORDER AFFIRMING MAGISTRATE JUDGE'S MAY 1, 2007, ORDER GRANTING
PLAINTIFF'S MOTION TO EXTEND TIME TO SUBMIT WRITTEN EXPERT REPORT

I.    INTRODUCTION.

On May 1, 2007, Magistrate Judge Leslie E. Kobayashi filed an order ("the Order") granting Plaintiff Eldean Tacuban's motion to extend time to submit Dr. Lawrence J. Eron's expert report. On May 11, 2007, Defendants State of Hawaii and Dr. Kenneth Zienkiewicz appealed the Order to this court, arguing that the magistrate judge erroneously found that "there exists good cause to amend the current scheduling order to allow [Tacuban] to submit Dr. Eron's expert report." Defendants assert that "Tacuban has provided no explanation for his failure to seek a further extension of the expert disclosure deadline beyond the January 3rd deadline" and that he has not established that he acted diligently. The court affirms the magistrate judge's order.

II.     LEGAL STANDARD.

Under 28 U.S.C. § 636(b)(1) and Local Rule 74.1, a district court may set aside a magistrate judge's order regarding any nondispositive pretrial matter (except those motions delineated in Local Rule 72.4(a)) only if that order is clearly erroneous or contrary to law.  See also Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) (stating that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (noting the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

III.    BACKGROUND FACTS.

Pursuant to the court's August 15, 2006, Rule 16 Scheduling Order, Tacuban was required to disclose by December 11, 2006, "the identity and written report of any person who may be used at trial to present expert evidence."

In November 2006, the parties attempted to schedule the deposition of Dr. Zienkiewicz.  Affidavit of Eric A. Seitz (3/19/2007) "Seitz (3/19/2007) Affidavit" ¶¶ 3-8.  On November 28, 2006, defense counsel informed Tacuban's counsel

2

that the deposition could proceed on December 20, 2006. Id. ¶ 8. On December 6, 2006, the parties stipulated to extend the deadline for Tacuban to disclose the identity and written report of his expert witness from December 11, 2006, to January 3, 2007.

On December 7, 2007, at the request of defense counsel, Dr. Zienkiewicz's deposition was rescheduled to December 20, 2006. Id. ¶ 10. On December 18, 2006, Dr. Zienkiewicz told defense counsel that he could not attend his deposition as scheduled because "an emergency had arisen." Declaration of Kendall J. Moser (4/13/2007) ("Moser (4/13/2007) Decl'n") ¶ 10. The deposition was therefore rescheduled to and took place on December 26, 2006. Id. ¶ 12.

During his deposition, Dr. Zienkiewicz testified that he believed that the Oahu Community Correctional Center had "nursing notes" and "call logs" that had not been disclosed to Tacuban's counsel. Seitz (3/19/2007) Affidavit ¶¶ 12-13. Dr. Zienkiewicz "agreed to produce, through his attorney," those undisclosed nursing notes and/or call logs. Id. ¶ 14.

By letter dated January 2, 2007, Tacuban's counsel informed defense counsel that Tacuban had retained Dr. Eron as his medical expert and that Dr. Eron "will testify that 'given a patient with Mr. Tacuban's history of diabetes, when antibiotics are needed to treat an infection, the patient must be carefully monitored by the attending physician and that the two

3

examinations over a period of 5 days would not meet the standard of care in the community.'"  Id. ¶ 15.

On January 8, 2007, defense counsel informed Tacuban's counsel that "all 'call logs' from September, 2004 had already been destroyed, and that no clinical records other than those which had been presented to Dr. Zienkiewicz at his deposition could be located."  Id. ¶ 17.  On January 12, 2007, the transcript of Dr. Zienkiewicz's deposition was transmitted to defense counsel "for review and correction," and Tacuban's counsel "obtained the transcript some time thereafter."  Moser (4/13/2007) Decl'n ¶ 18.

On February 2, 2007, Defendants filed their motion for summary judgment.  From January 30 through February 20, 2007, Tacuban's counsel "was out of state for the trial of Captain Ahren Watada in the state of Washington, and for hearings on another military case in England."  Id. ¶ 19.  According to Tacuban's counsel, "At the time I returned to Hawaii on February 20, 2007, my staff and I were required to complete final preparations for a jury trial in Shimose v. Apolo et al., Civil No. 05-1-1492-08, which was scheduled to begin on February 26, 2007 before the Honorable Randal Lee, First Circuit Court, State of Hawaii."  Affidavit of Eric A. Seitz (3/19/2007) ("Seitz (3/19/2007) Affidavit") ¶ 3.

On March 19, 2007, this court granted Defendants' motion for summary judgment "on all claims due to the lack of any

4

evidence concerning Tacuban's expert's opinions." Order Granting Defendants' Motion for Summary Judgment (3/19/2007) ("Order Granting Summary Judgment") at 23. The court delayed "entry of judgment to provide Tacuban enough time to file a motion for leave to extend the deadline for filing his expert report and to appeal the Magistrate Judge's decision to this court if his motion is denied." Id.

On March 20, 2007, Tacuban filed his motion to extend time to submit Dr. Eron's expert report, which the magistrate judge granted on April 4, 2007. On April 13, 2007, Defendants appealed the magistrate judge's ruling, and this court remanded the matter on April 19, 2007, for a determination by the magistrate judge of an issue that had been overlooked.

On May 1, 2007, the magistrate judge issued the Order granting Tacuban's motion. The magistrate judge reasoned that "there was good cause for [Tacuban's] failure to timely submit Dr. Eron's report" and that Tacuban "satisfies the good cause requirement set forth in Rule 16(b)." Defendants now appeal the magistrate judge's Order.

IV.     ANALYSIS.

Defendants first argue that "Tacuban has provided no explanation for his failure to seek a further extension of the expert disclosure deadline beyond the January 3rd deadline that the parties stipulated to." Appeal at 2-3. Defendants also posit that the magistrate judge erred in finding that "good

faith" existed to warrant an extension of Tacuban's expert report deadline.  According to Defendants, Tacuban may not rely on the "prospect of settlement" or on his "argument that [Tacuban's] counsel were too busy."  Appeal at 3-4.  The court concludes that the magistrate judge did not clearly err in finding that good faith warranted an extension of Tacuban's expert report deadline.

>             A.   Tacuban Explained His Failure to Seek Further
>                  Extensions of Time.

In the May 1, 2007, Order from which Defendants now appeal, the magistrate judge noted that Tacuban "articulated numerous reasons for his delay in requesting an extension of the expert disclosure deadline."  Order at 10.  The reasons provided by Tacuban were:  (1) Tacuban's counsel "decided to wait to seek a modification of the scheduling order based on the prospect of settlement"; (2) Tacuban's counsel was "out of state from January 30 to February 20, 2007, for a trial and military case"; and (3) Tacuban's counsel "had to draft the memorandum in opposition (due on March 1, 2007) to Defendants' motion for summary judgment, all while preparing for a state court trial set to commence on February 26, 2007" when he returned from out of state.  Order at 10-11.

 Because Tacuban clearly provided reasons, as articulated by the magistrate judge in her Order, for his failure to seek further extensions, the court rejects Defendants' argument that Tacuban "has provided no explanation for his

failure to seek a further extension of the expert disclosure beyond the January 3rd deadline that the parties stipulated to."

    B. The Court Affirms the Magistrate Judge's Finding of Good Cause.

    As noted by the magistrate judge, Tacuban "must obtain an amendment of the scheduling order" pursuant to Rule 16 of the Federal Rules of Civil Procedure to extend the deadline to submit his expert report. In the Ninth Circuit, a scheduling order "can only be modified 'upon a showing of good cause.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment," and a district court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

    The evidence before the magistrate judge established that good cause existed to extend the expert report deadline. At his deposition, Dr. Zienkiewicz agreed to produce certain nursing notes and call logs that were not previously turned over to Tacuban's counsel. Seitz (3/19/2007) Affidavit ¶ 14. Because Tacuban's counsel did not receive such documents by the January 3, 2007, deadline, Tacuban did not submit Dr. Eron's

7

expert report by that date.  <u>Id.</u> ¶ 16; <u>see also</u> Tacuban's 4/19/2007 Opp. at 3 ("when [Tacuban] was required to file his Identification of Experts on January 3, 2007, an informed report from Dr. Eron could not possibly have been produced because [Tacuban] was still waiting for Defendants' counsel [to] produce the additional records referred to by [Dr. Zienkiewicz at his deposition").  It was not until January 8, 2007, that defense counsel informed Tacuban's counsel that all such documents were destroyed or did not exist.  Seitz (3/19/2007) Affidavit ¶ 17.  Additionally, defense counsel did not receive a copy of the transcript from Dr. Zienkiewicz's deposition until some time after January 12, 2007.  <u>Id.</u> ¶ 18.  Because Tacuban's counsel and Dr. Eron had neither the documents referenced by Dr. Zienkiewicz in his deposition nor the transcript of the deposition by the January 3, 2007 deadline, despite Tacuban's diligence, the January 3rd deadline could not have reasonably been met.  Affirmance of the magistrate judge's Order extending the expert report deadline is therefore proper.  See <u>Zivkovic</u>, 302 F.3d at 1087 ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

V.   CONCLUSION.

The court affirms the magistrate judge's order granting Tacuban's motion to extend time to submit Dr. Eron's written report.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 15, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Tacuban v. State of Hawaii, et al., Civ. No. 06-00267 SOM/LEK; ORDER AFFIRMING MAGISTRATE JUDGE'S MAY 1, 2007, ORDER AFFIRMING MAGISTRATE JUDGE'S MAY 1, 2007, ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SUBMIT WRITTEN EXPERT REPORT.**